REED, JONES & CO. ET AL., PLAINTIFFS IN ERROR, v. A. G. BAGLEY, DEFENDANT IN ERROR.

1. **Attachment:** DEBT NOT DUE: ORDER SIGNED BY COUNTY JUDGE: PRESUMPTION. Where a county judge grants an attachment on a debt not due, and signs the order officially, it will be presumed that he is judge of the county where the order was made, and that the judge of the district court was absent from such county.

2. ——: AFFIDAVIT. Sec. 238 of the code requires the plaintiff, his agent, or attorney, seeking an attachment before the debt is due, to make oath in writing, showing the nature and amount of the plaintiff's claim, that it is just, when the same shall

become due, and at least one of the grounds of attachment set forth in section 237. The statute does not require the affiant to swear that he is the plaintiff, his agent, or attorney, and the court has no authority to inject such words into the statute. *Tessier v. Crowley*, 16 Neb., 369.

3. ———. EVIDENCE examined, and *Held*, Not to sustain the charge that the defendant had sold and disposed of his property with the intent to defraud his creditors; and that he was about to remove his property, or a material part thereof, with the intent to defraud his creditors.

ERROR to the district court for Cedar county. Tried below before CRAWFORD, J.

*D. A. Holmes* and *Wright, Baldwin & Haldane,* for plaintiffs in error, argued the cause on the facts alone.

*J. S. Lothrop,* for defendant in error, cited: Sec. 238, Code. Waples on Attachment, 29. *Ex parte Bank,* 7 Hill, 177. *Steinbach v. Leese,* 27 Cal., 299. *Bangs v. McIntosh,* 23 Barb., 601. *People v. Sutherland,* 81 N. Y., 7. *Miller v. Brinkerhoff,* 4 Denio, 118.

MAXWELL, J.

Prior to the 5th day of July, 1886, the defendant, A. G. Bagley, was engaged in the business of a general merchant and dealer in agricultural implements at Tabor, Iowa, and also had a store or warehouse at Coleridge, Neb., in charge of one H. C. Goodrich, where agricultural machinery and implements were sold.

On the 17th day of July, 1886, Deere, Wells & Co., wholesale dealers in agricultural implements, commenced attachment proceedings against Bagley in the district court of Fremont county, Iowa, and they were immediately followed by a large number of other creditors, among them being all the plaintiffs in error in this action.

About the same time, Deere, Wells & Co., fearing that

there was not enough property at Tabor out of which to collect their claim in full, commenced attachment proceedings in the district court of Cedar county, Nebraska, and levied on Bagley's property there. In this they were promptly followed by numerous other creditors, among them being all of the plaintiffs in error. The defendant thereupon, after due notice, filed a motion in the several cases now before the court, as follows:

"Now comes the above named defendant, and moves the court to discharge the attachment heretofore levied in the above entitled cause as to the whole of the attached property, for the following reasons, to-wit:

"1st. Because the debt sued upon in said action was not due at the time of commencing the same, and no authority of court or judge, as is required by the statute of Nebraska, was first obtained for the issuing of the order of attachment.

"2d. Because it does not appear that the affidavit for the issuance of the order of attachment was made by any party authorized so to do.

"3d. Because the matters and things stated and set forth in the affidavit as cause for an order of attachment are not such as are required by, and are not in accordance with, the statutes of Nebraska in such cases made and provided.

"4th. Because no affidavit for the issuance of an order of attachment such as is required by the code of Nebraska has been filed in the court.

"5th. Because the matters and things stated and set forth in the affidavit for an order of attachment as cause thereof do not authorize the issuance of such order.

"6th. Because the matters and things stated and set forth in the affidavit for an attachment filed herein as cause thereof, so far as the same are material, are wholly untrue in every particular.

"7th. Because of other good and sufficient reasons ap-

parent upon the face of the record, and the said defendant, A. G. Bagley, especially limits his appearance in the above entitled cause to and for the sole purpose of making to said court the following motions."

The motion in each case was sustained by the district court, and twenty days given the plaintiffs to file a supersedeas, which was duly filed.

There is a stipulation in the record that, as the questions involved were substantially the same in all the cases, the actions would be consolidated in this court. Deere, Wells & Co., however, have not filed a petition in error, and are not before the court.

The first ground of the motion is, the want of authority of the judge who granted the order of attachment—the debt not being due.

Section 237 of the code provides that a creditor may bring an action on a claim before it is due, and have an attachment against the property of the debtor, in the following cases: First, Where a debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; Second, Where he is about to make such sale, conveyance, or disposition of his property with such fraudulent intent; Third, Where he is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering and delaying them in the collection of their debts.

Section 238 also provides that, "The attachment authorized by the last section may be granted by the court in which the action is brought, or by a judge thereof, or by the probate judge of the county; but before such action shall be brought, or such attachment shall be granted, the plaintiff, his agent, or attorney, shall make an oath, in writing, showing the nature and amount of the plaintiff's claim, that it is just, when the same shall become due, and

the existence of some one of the grounds for attachment enumerated in the preceding section."

The affidavits for the attachments are substantially alike, that of Tootle, Maul & Co. against Bagley being as follows:

" D. A. Holmes, the authorized attorney of the plaintiff, being first duly sworn on his oath, says that the said Tootle, Maul & Co., plaintiffs, have commenced an action in the above named court against the said A. G. Bagley, defendant, to recover of the said defendant the sum of $1,051, due and payable to the said plaintiffs from the said 'defendant as hereinafter stated, on book account for goods sold and delivered.

"That said plaintiffs' claim is just; that affiant believes the said plaintiff ought to recover of and from the said defendant the sum of $1,051; and affiant further saith that the said defendant has sold, conveyed, and disposed of his property with the fraudulent intent to defraud his creditors.

"That said account will mature and be due and payable from defendant on the 10th day of October, 1886; and further, affiant saith not.

"D. A. HOLMES.

"Subscribed in my presence and sworn to before me, this 20th day of July, A.D. 1886.

"H. A. MILLER,
"*County Judge.*"

The attorneys for the defendant contend that section 238 is ambiguous, and that the authority of the county judge is doubtful. The language is plain, that the attachments may be granted by the court in which the action is brought, or by the judge thereof, or by the probate judge of the county. The section of the code quoted refers to actions brought in the district court. But it is said that, even if the county judge has jurisdiction, there is nothing to show that he is judge of Cedar county, or that the judge

of the district court was absent from such county. The jurisdiction, in the absence of proof to the contrary, will be presumed. In other words, it will be presumed that the judge of the district court was absent from Cedar county when the application for the attachment was made to the county judge for that county; and that the order for the attachment was duly made by the judge of Cedar county. The authority conferred upon county judges in cases where the debt is not due, is for the purpose of preventing a failure of justice. A like power is conferred upon such judges in granting temporary orders of injunctions, and for a like purpose—to promote the ends of justice. The order granting the attachment, therefore, was valid, and the first objection is overruled.

2. The second objection is, that the affidavits are insufficient, because the affiant fails to swear that he had authority to make the affidavit.

It will be observed that section 238 requires the plaintiff, his agent, or attorney to make oath in writing, showing the nature and amount of the plaintiff's claim, that it is just, when the same shall become due, and the existence of at least one of the grounds of attachment enumerated in section 237. To hold that the affiant must swear to the authority to make the oath is to put a forced construction upon the language of the statute, and, in effect, inject words therein. If this may be done in one case, where the intention is plain, it may in all others, and the meaning of the several provisions of the code be left in doubt.

In our view, it is unnecessary for the party making the oath to swear that he is the plaintiff, his agent, or attorney. Had the legislature so intended, the language would have been changed to carry out that intention. It is probable that an affidavit would be good if, taking the whole record together, it appeared that the affiant was the plaintiff, his agent, or attorney. Suppose A B begins an action against C D, and files a petition in the district court, and sub-

scribes the same, and at the same time files an affidavit for an attachment, in which he fails to describe himself as plaintiff, will not the court look at the petition to see if the affiant appears therein as plaintiff? We have no doubt of the right of the court to do so. The code is to be construed liberally, to enable parties to obtain their rights, and not as a means of defeating them. It is probable that decisions may be found, under statutes different from ours, requiring the authority of the affiant in making the affidavit to appear therein as a part of the oath, but it is unnecessary under our statute. *Tessier v. Crowley*, 16 Neb., 371. The second ground of the motion, therefore, is overruled.

3. The charge of fraud is made principally upon an alleged inventory, furnished by the defendant to Deere, Wells & Co. a few days before the levy of the attachment, and the manner in which the defendant conducted his business. The inventory was furnished at the request of Deere, Wells & Co., while the defendant was absent from home, and was made from memory, and although inaccurate in some respects, we think fails to sustain the charge of fraud. As to the mode of conducting business, it appears that the defendant had a general store at Tabor, Iowa, and sold agricultural implements, wagons, and buggies. He also owned a store at Coleridge, in Nebraska. He seems also to have owned land in Knox county, and in the counties of Cuming and Burt. He also owned about 100 head of cattle in Burt county, which seemed to have been mortgaged for some considerable time for nearly their full value, He also owned a number of cattle in Woodbury county, Iowa. The defendant resides at Tabor, Iowa. Tabor is shown to be a small hamlet, some distance from any railway, but has some prominence as the seat of Tabor College. The trade at that point is limited to the local demand, but the defendant seems to have had a wide acquaintance, and to be a professional trader. Trading, it

seems, had been his business for twenty years. Little or nothing that he possessed but was liable to be traded or swapped. And if his own testimony, and that of a number of his neighbors, is to be believed, he, in the main, was successful. The testimony shows that he would trade wagons or other things for horses, and trade or sell the horses. He seems to have sent a considerable number of horses into this state during the spring of 1886, which seem to have been sold. Nearly all business was done upon credit. There is some testimony tending to show that the defendant sold machinery, wagons, etc., to persons living near the adjacent villages, at or about cost. The object, however, was not to defraud creditors, but to draw trade. The propriety of doing business in that way is very doubtful, but that question is not before the court. So far as the record shows, the defendant was conducting his business in the way he had always carried it on, at the time Deere, Wells & Co. levied their attachment. That firm, by attaching, evidently induced other creditors to procure attachments and cause them to be levied; but, upon the proof contained in the record, they were unauthorized.

The judgment of the district court is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.