LEWIS A. WINCHELL, SHERIFF, v. JOHN McKINZIE ET AL.

[FILED DECEMBER 16, 1892.]

1. Attachment on Claim Not Due: JURISDICTION OF COUNTY JUDGE: ORDER GRANTING. A county judge has jurisdiction, under section 238 of the Code of Civil Procedure, to grant an attachment on a claim not due, upon the proper affidavit being made and filed, showing the existence of at least one of the statutory grounds or causes for issuing an attachment on a debt before due.

2. ———: PRACTICE: ORDER GRANTING, ISSUED ON AFFIDAVIT FOR ATTACHMENT. No written application for an order allowing an attachment, other than the filing of the proper affidavit, is necessary.

3. ——: ——: Action Commenced Before County Judge: Issuance of Writ Sufficient. When the county judge issues a writ of attachment in a case commenced before him, it is not necessary to the validity of the writ that he should spread upon his docket a formal order allowing the attachment. In such case the issuing of the writ is, in itself, the granting of the order.

4. ——: Irregularities: Omission of Seal of County Court: Collateral Attack. The county judge of P. county made an order granting an attachment in an action to be brought in the district court of the county, and signed the same officially, but he failed to attach thereto the seal of the county court, which order was filed with the clerk of the district court, who issued a writ of attachment thereon. *Held,* That the omission of the seal of the county court did not make the order absolutely void, but an irregularity which could be taken advantage of only by the defendant in attachment, in the proper mode. The question cannot be raised by third parties in a collateral proceeding.

5. Replevin of Goods Taken by Sheriff Under Attachment: Defense: Justification: Burden of Proof. When a sheriff, under and by virtue of a writ of attachment, levies upon property found in possession of a stranger to the suit, in an action of replevin therefor by such stranger, the officer, to justify the taking, is required to show that the attachment writ was regularly issued; that is, that the writ is regular on its face, and was issued upon a sufficient affidavit by a court having jurisdiction of the parties and the subject-matter of the action.

6. ——: Irregularities in Attachment Proceedings: Collateral Attack. Where proceedings in attachment are irregular and erroneous, but not void, such errors and irregularities cannot be taken advantage of by third parties in a collateral proceeding.

Error to the district court for Perkins county. Tried below before Church, J.

*Cornish & Robertson,* for plaintiff in error.

*Saunders & Prime,* and *John J. Halligan, contra.*

Norval, J.

Lewis A. Winchell, the plaintiff in error, was the sheriff of Perkins county. James A. Hatcher and Fred L.

Knight were formerly engaged in the mercantile business in the town of Madrid, in said county, under the firm name of Hatcher & Knight, and on the 11th day of June, 1889, they executed and delivered a bill of sale of their stock of goods to John McKinzie and George W. Snyder, defendants in error, who took possession of the goods under said bill of sale. Shortly thereafter two writs of attachment against the firm of Hatcher & Knight, one issued by the clerk of the district court of Perkins county, the other issued out of the county court of said county, were placed in the hands of Lewis A Winchell, as sheriff, who levied upon said stock of goods by virtue of said writs of attachment. Subsequently defendants in error brought this action in replevin against plaintiff in error to recover said goods. The property was taken under the replevin writ, and the possession thereof delivered to plaintiffs below. There was a trial to a jury, which resulted in a verdict and judgment in favor of the plaintiffs.

On the trial in the court below plaintiffs introduced in evidence the bill of sale above mentioned, and evidence tending to prove that they had taken possession of the goods under the bill of sale.

The defendant attempted to justify under the two writs of attachment, and to that end he offered in evidence the files and record in a cause in the district court of Perkins county, wherein M. E. Smith & Co. were plaintiffs and Hatcher & Knight were defendants, consisting of the precipe, summons, with the return of the officer indorsed thereon, showing service on defendants, affidavit for attachment, undertaking, order of attachment, appraisement, the order of the county judge of Perkins county allowing a writ of attachment to issue in the action, demurrer of Fred L. Knight to the petition, answer of James S. Hatcher, and the judgment in favor of the plaintiffs in said suit. To the introduction in evidence of said papers and records the plaintiffs objected on the ground that no seal was attached

to the order of the county court allowing the writ of attachment; that the court had no jurisdiction to issue the summons, for the reason no order of the county judge allowing a writ of attachment on a claim before due to issue in said action was on file with the clerk at the time the summons was issued, and that the judgment was incompetent and immaterial, and the court rendering the same was without jurisdiction, which objections were sustained by the court, and defendant excepted.

Defendant then offered in evidence the docket of the county court of Perkins county, showing the affidavit filed in the said court for an order allowing a writ of attachment to issue, and the order of the county judge granting the writ of attachment; to which the plaintiffs objected as incompetent, immaterial, and irrelevant. The objection was sustained and the defendant excepted.

The defendant further offered to prove by the county judge of Perkins county that the order allowing the writ of attachment to issue in said case of *M. E. Smith & Co. v. Hatcher & Knight* was made by said county judge on the application of the plaintiffs in said action, and that by mistake or oversight the seal of the county court was not attached to said writ; to which plaintiffs objected as before. The objection was sustained and the defendant excepted.

The defendant also offered in evidence the petition, affidavit for attachment, bond in attachment, summons and return, writ of attachment and return thereon, appraisement, answers, motion to the jurisdiction of the court, motion to dissolve the attachment, judgment, and docket entries in a cause in the county court of Perkins county, wherein Kirkendall, Jones & Co. were plaintiffs and Hatcher & Knight were defendants; to which plaintiffs objected for the reason no foundation had been laid for their admission, that no application had been made for the writ of attachment, and no order had been made granting the

same; and for the further reason the county court has no jurisdiction in that kind of a case; which objections were sustained and the defendant excepted.

The foregoing rulings of the trial court are now assigned for error. Both writs of attachment, under which plaintiff in error sought to justify, were issued upon claims not then due. Authority is conferred by statute upon creditors to maintain an action by attachment on a debt before it is due, in certain specified cases. Among others, where the debtor has sold or disposed of his property with the intent to defraud his creditors, or to hinder or delay them in the collection of their debts; and this is one of the grounds set up in each of the attachment affidavits. It is not claimed that the facts stated in the affidavits were insufficient to authorize the issuing of the attachments and the bringing of the suits. Power is conferred upon a county judge by section 238 of the Code to make an order allowing an attachment to issue on a debt not due, upon the proper affidavit being made and filed. This was expressly decided in *Reed, Jones & Co. v. Bagley*, 24 Neb., 336, and must be regarded as the settled law of the state.

It is urged that the writ of attachment in the case of M. E. Smith & Co. is void because no formal written application was made to the county judge for the allowance of an attachment thereon, and for the reason that the order of the county judge authorizing the clerk of the district court to issue a writ of attachment in said suit was not made under the seal of the county court. The attachment proceedings in the case of Kirkendall, Jones & Co., it is claimed, are invalid on the ground that no written application was made for the attachment, and that no order was made by the county judge granting the writ. These several objections we will now consider.

Section 237 of the Code enumerates the grounds for which an attachment may be granted in actions on debts before due. Section 238 provides that "the attachment

authorized by the last section may be granted by the court
in which the action is brought, or by a judge thereof, or
by the probate judge of the county, but before such action
shall be brought, or such attachment shall be granted, the
plaintiff, his agent or attorney, shall make an oath, in writ-
ing, showing the nature and amount of the plaintiff's claim
that it is just, when the same shall become due, and the ex-
istence of some one of the grounds for attachment enumer-
ated in the preceding section." It will be observed that the
section quoted only requires that before an action can be
properly commenced on a claim before it is due, or an at-
tachment shall be allowed, the plaintiff, his agent or attorney,
shall make an oath, in writing, setting forth the nature and
amount of the claim, that it is just, when the same will
become due, and the existence of at least one of the statutory
grounds or causes for the issuing of an attachment on
a claim not due. We have been unable to find any stat-
ute, and none has been cited by counsel, which requires as
a condition precedent to the granting of an attachment in
such actions that a written application therefor, other than
the proper affidavit, must be made to the court or judge.
It is no more necessary to do so in attachments on debts
not due than in ordinary attachments, and in our view it
is not required in either case. To hold that it is necessary
would be to inject words into the statute. In the absence
of any statutory requirement as to a written request, we
think it sufficient that the proper affidavit entitling the
plaintiff to an attachment be in fact made and filed; the
filing of which in itself is a request to grant the writ and
confers upon the court or judge jurisdiction to act. How-
ever, in one of the attachment cases we are considering,
that of M. E. Smith & Co., a written request for an attach-
ment was made. The affidavit filed with the county judge
as the basis of his order closes as follows: "Affiant there-
fore asks for an order granting an attachment against the
property of the defendants." This, it would seem, ought

to be sufficient, even though the construction contended for by defendants in error should obtain.

It is urged that the files and record in the case of Kirkendall, Jones & Co. were properly excluded, because the county judge did not spread upon his docket a formal order authorizing the granting of an attachment.   The docket entry relating to that matter is as follows:

"Issued summons and order of attachment, both returnable July 1, 1889, and delivered the same to L A. Winchell, sheriff, for service.          B. F. HASTINGS,
                                          "*County Judge.*"

The suit of Kirkendall, Jones & Co. was brought in the county court.   The issuing of the writ of attachment by the judge thereof was in itself the granting of the order. The entry made upon his docket above quoted is sufficient evidence of the fact that an attachment was allowed; that was all that was necessary.   As the county judge is his own clerk, there is no reason why he should make a written order authorizing and directing himself to issue an attachment; but when he grants an attachment on a debt not due, in a case where the writ is to be issued by the clerk of the district court, the judge must make an order allowing the attachment and sign the same officially, since the clerk has no jurisdiction to issue a writ of attachment on a debt before due, unless the order has been allowed by his court or a judge thereof, or the county judge.

In the suit of *M. E. Smith & Co. v. Hatcher & Knight* the county judge of Perkins county made a written order authorizing an attachment therein, which order was signed by him officially, but he failed to attach thereto the seal of the county court.   This order was filed in the office of the clerk of the district court before the attachment was issued. Did the omission of the seal invalidate the proceedings? We think not.   The affixing of the official seal to such a document is for the purpose of authentication, and the failure to attach it is at most a mere irregularity.   The signa-

tures and official capacities of county officers are matters of public notoriety, and the court will officially take notice of them.    The district court of Perkins county is presumed to know, and was bound to take judicial notice, that B. F. Hastings was at the time county judge of that county and of the genuineness of his signature to the order in question. (Wade on Notice, sec. 1413; *Jones v. Gales's Curatrix*, 4 Mart. [La.], 635; *Scott v. Jackson*, 12 La. An., 640; *Templeton v. Morgan*, 16 Id., 438; *Wetherbee v. Dunn*, 32 Cal., 106.)

Counsel for defendants in error cite in their brief authorities from other states which lay down the doctrine that an execution or writ of attachment without the seal of the court from whence it issues is invalid, and that the defect is of such a character that it cannot be cured by amendment.    Such is not the rule in this state.    In *Taylor v. Courtnay*, 15 Neb., 190, the seal had been omitted from an execution; lands had been sold, and the sale confirmed, after which leave was given to amend the execution by affixing the seal to the same.    It was held that the execution without a seal is not void, but may be amended, although the sale made thereunder has been confirmed. Many cases are cited in the opinion to sustain the proposition, and there can be no doubt as to the soundness of the rule stated.    The failure to attach the seal would not render the process absolutely void.    Counsel concede that the order of the county judge granting the attachment could be amended by attaching the seal.    In effect, this is an admission that the order is not void, for there must be something to amend before an amendment can be made, and a void order is a nullity, and cannot be amended.

Counsel for defendants in error urge that this case is controlled by the decisions of this court, wherein it is held that when an officer attempts to justify the seizure of goods found in the possession of a stranger claiming title, that the mere production of the writ is not a sufficient justifi-

cation, but that the officer must go further and show affirmatively that the writ was regularly issued. In none of the authorities cited by counsel, nor in any of our cases, so far as we are aware, has it been held that when a sheriff or other officer seeks to justify the seizure of property under a process regular on its face, mere technical errors intervening after the issuing of the writ may be shown in a collateral attack, and when proven will invalidate the entire proceedings.

True, in the cases referred to in defendants' brief it is said, that it must be " shown affirmatively that the writ was regularly issued." By that it was meant that it must appear that the process was issued by a court having jurisdiction of the parties and the subject-matter of the action, and that the steps taken leading up to the writ were not void. It was not meant that the officer was required to prove that the proceedings were free from mere errors and irregularities which are not of such a nature as to affect the jurisdiction, although they might be sufficient grounds for reversal by a suitable proceeding in a tribunal having authority to review them. There are many errors occurring in a trial of a cause which may be waived by the parties, and if the one against whom they are made fails to take advantage of the same, strangers to the record cannot do so. Suppose an attaching creditor files the proper affidavit in attachment, and the writ issues without his having given a bond for the indemnity of the defendant, in a case where one is required by statute, his failure to file an undertaking would not render the attachment absolutely void. It would be a mere irregularity, of which the defendant in attachment alone could take advantage.

The case of *Connelly v. Edgerton*, 22 Neb., 82, was a suit in replevin against an officer who claimed possession of the property by virtue of the levy of certain writs of attachment. The court in the syllabus say : " Where proceedings in attachment are irregular and amendable, but not

void, and no objection is made thereto by the defendant in the action, such proceedings cannot be attacked or questioned collaterally by third parties." (See *Rudolf v. McDonald*, 6 Neb., 166.)

The defendants in the case of M. E. Smith & Co. never called the attention of the court in which the case was pending to the fact that the seal was omitted from the order of the county judge granting the attachment therein, although they both appeared in the action. Had the court's attention been challenged to the defect, doubtless it would have permitted an amendment. As the defendants in that suit were satisfied, the defendants in error herein cannot be heard to complain. Our conclusion is that the records and files in the attachment cases should have been received in evidence, and that the court below erred in excluding the same. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.