## CHARLES T. JENKINS V. STATE OF NEBRASKA.

FILED OCTOBER 5, 1899. No. 10,596.

**Contempt:** ORDER OF COURT: DISOBEDIENCE. A party is guilty of contempt who willfully disregards, or refuses to comply with, an order of court directing him to restore the subject-matter of litigation, if the court possessed jurisdiction to enter the same, although the proceedings may have been never so erroneous.

ERROR to the district court for Butler county. Tried below before SEDGWICK, J. *Affirmed.*

*Charles T. Jenkins* and *Burr & Burr*, for plaintiff in error:

The order directing plaintiff in error to pay money into court was rendered without jurisdiction and is void. It was, therefore, not a contempt of court to disobey the order. See *Runyon v. Bennett*, 29 Am. Dec. [Ky.], 431; *Board of Commissioners v. Gorman*, 19 Wall. [U. S.], 661; *First Nat. Bank v. Rogers*, 97 Am. Dec. [Minn.], 241; *Northwestern Express Co. v. Landes*, 6 Minn., 564*; *City of Macon v. Shaw*, 14 Ga., 162; *Payfer v. Bissell*, 3 Hill [N. Y.], 239; *Hyatt v. Clever*, 73 N. W. Rep. [Ia.], 831; *Kreglo v. Fulk*, 3 W. Va., 74; *Creighton v. Keith*, 50 Nebr., 813; *Rhode Island v. Massachusetts*, 12 Pet. [U. S.], 718; *Spoors v. Cocn*, 44 O. St., 497; *Reynolds v. Stockton*, 43 N. J. Eq., 211; *Ruhland v. Supervisors*, 55 Wis., 664; *Fleming v. Hight*, 101 Ind., 466; *Cape May S. L. R. Co. v. Johnson*, 35 N. J. Eq., 425; *Mayor v. Conover*, 5 Abb. Pr. [N. Y.], 251; *People v. Weigley*, 155 Ill., 491; *State v. Second Judicial District*, 50 Pac. Rep. [Mont.], 852.

The order directing money to be paid into court was void, as being an attempt to collect money without an execution. See *State v. Jaynes*, 19 Nebr., 697; *Segear v. Segear*, 23 Nebr., 307; *Mallory Mfg. Co. v. Fox*, 20 Fed. Rep., 409; *"Blanche Page,"* 16 Blatchf. [U. S.], 1.

Other references: *Hovey v. Elllott*, 167 U. S., 409; *Robertson v. Davidson*, 14 Minn., 427.

*C. J. Smyth*, Attorney General, *W. W. Stowell* and *George P. Sheesley*, for the state.

References: *Hagan v. Lucas*, 10 Pet. [U. S.], 400; *Dennistoun v. Draper*, 5 Blatchf. [U. S.], 336; *Ford v. Bushor*, 12 N. W. Rep. [Mich.], 690.

NORVAL, J.

Charles T. Jenkins, an attorney residing in the city of Lincoln, was found guilty of contempt of court by the district court of Butler county, and sentenced to pay a fine. The record is before us for review. It is disclosed that one Arthur Myatt instituted a replevin action in the county court of Butler county against Charles T. Jenkins and J. B. Morrison to recover possession of certain wheat in stack. The property was seized under the writ, and possession thereof, upon Myatt's giving the required bond, was delivered to him. He procured the wheat to be threshed, and the grain, not being in good condition, instead of being stored in elevators as was intended, was sold to F. P. Van Wickle, of Surprise, for $407.40. By agreement or consent of the parties the proceeds of the sale were left in the hands of Van Wickle, or rather his agent, Mr. Metzger, to await the termination of the litigation. Subsequently the replevin action was tried, and Jenkins obtained judgment for the return of the wheat, or its value. Three days thereafter he caused an execution to be sued out on said judgment, and to be delivered to A. J. Stanwood, constable. On the same day Jenkins and the officer went to said Metzger, agent of Van Wickle, and demanded the proceeds of the wheat, Jenkins falsely stating to Metzger that he had an order from the county court to pay over the money to him, and exhibited at the time a paper which he claimed to be such order. Metzer thereupon asked that a half hour be given in which to communicate with Myatt by wire, which request was refused, as was also the request that he be given five minutes for consultation and considera-

tion of the demand for the proceeds of the wheat. Jenkins also threatened that, if the money was not paid over at once, they would close up the business of Van Wyckle under the said alleged order from the county court. Metzger, although at first hesitating, was induced by the matters just suggested to and did pay over to Jenkins the proceeds of the wheat. The next day, and within the time required by law, Myatt filed an appeal bond in the replevin cause, and perfected his appeal in the district court. In proceedings had therefor in said last named court in the replevin action, and upon averment and proper proof of said matters, an order was entered requiring Jenkins to forthwith restore the proceeds of the wheat, the subject-matter of the action. Jenkins paid $200, and refused to pay the balance of the money. The contempt proceedings against him followed.

Whether the order of the district court that Jenkins restore the money was based upon sufficient evidence is a question not presented by this record. The court had jurisdiction of the parties and the subject-matter, and even though the order was erroneously made, it constituted no reason why Jenkins should defy, or refuse to obey, the order of the court. If said order had been void, then Jenkins would not have been guilty of contempt in disobeying it. See *Calvert v. State*, 34 Nebr., 616. But, as already stated, the court had jurisdiction, and the order was not void. At most it was merely erroneous, and Jenkins had no right to disregard or disobey it on that ground. He should have instituted appropriate proceedings to obtain a review of the order, if he deemed it to have been erroneously entered.

It is argued that the order which was made the basis of the contempt proceedings was made to enforce a money judgment, and that the accused is not liable to punishment as for contempt in refusing to comply with such order. This contention is not well founded, inasmuch as the defendant was not adjudged guilty of contempt for refusing to pay a money judgment against him,

but because he disobeyed an order of court to restore the subject-matter of the litigation.

We have examined and considered the various errors assigned, and discover no sufficient reason for disturbing the judgment, and it is accordingly

AFFIRMED.