EARLY v. EARLY.

(Court of Appeals of District of Columbia. Submitted October 8, 1919.
Decided December 1, 1919.)

No. 3233.

1. WITNESSES ☞36—COMPETENCY OF HUSBAND AND WIFE NOT AFFECTED BY DIVORCE STATUTE.

Code, § 1068, making a husband and wife competent to testify for or against each other, is not modified as to divorce actions by section 964, providing that divorce decree shall not be given on the unsupported petition of either party, since the latter section relates only to the weight of the evidence, and does not affect the competency of witnesses.

2. DIVORCE ☞312—COURT HAS JURISDICTION OF CHILD'S CUSTODY PENDING APPEAL.

Under Code, § 975, authorizing Court of Appeals to determine the custody of infant children pending divorce proceedings, the court has jurisdiction to make an order regarding a child's custody while an appeal is pending from the divorce decree.

3. DIVORCE ☞302—DUTY TO OBEY ORDER OF APPELLATE COURT AS TO CUSTODY OF CHILD PENDING APPEAL.

Where the Court of Appeals had jurisdiction of the appeal in a divorce case and of the subject-matter, it was appellant's duty to obey an order of the court regarding the custody of a child pending appeal, irrespective of whether the order was erroneous.

4. CONTEMPT ☞80—REFUSING TO HEAR ORAL ARGUMENT BY ATTORNEY APPARENTLY IN CONTEMPT.

Where the record shows that appellant is apparently in contempt of the Court of Appeals, the court may decline to hear oral argument from his counsel.

Appeal from the Supreme Court of the District of Columbia.

Divorce action by Ida W. Early against Claude C. Early. Decree for plaintiff, and defendant appeals. Affirmed.

L. H. David, of Washington, D. C., for appellant.
M. E. O'Brien, of Washington, D. C., for appellee.

SMYTH, Chief Justice. This is an appeal from a decree granting the appellee a divorce a mensa et thora from the appellant, providing for the care of their child in the Bell Home, Anacostia, at the expense of the father, until further order of the court, and requiring the payment of alimony to the plaintiff and attorney's fees to her counsel. Appellant superseded the decree. After the appeal was docketed an order was made by this court, on the application of the mother, that pending a disposition of the case the child should be placed by the father, who then had its custody, in the Bell Home, so that the mother could see it at stated times when the father was not present; it appearing that the parties could not agree upon a place where this could be done, and that if the parents met in the presence of the child a conflict would probably follow between them, which would result detrimentally to the child's health, he being a sufferer from a nervous disease. When the case was called for argument, counsel for the appellant admitted in open court that the order had not been complied with,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and sought to justify the action of his client by stating that in his opinion the order was beyond the jurisdiction of the court. The court refused to hear counsel for appellant in oral argument, but took a submission of the case upon his printed brief.

[1] There are 16 assignments of error. All turn upon questions of fact except one, which relates to the competency as witnesses of the parties to the suit. The Code (section 1068) specifically provides that "husband and wife shall be competent * * * to testify for or against each other." Section 964 of the Code, which provides that no decree for divorce can be given on the mere unsupported petition of either husband or wife, has no relation to the competency of the witnesses. In one part of his brief counsel concedes this. The section deals only with the weight of the evidence, and means, as construed by this court, that the testimony of one of the parties would not support a decree in his or her favor, unless supported by "other evidence." Lenoir v. Lenoir, 24 App. D. C. 160. There is other evidence in this case. All the remaining assignments, as we have said, refer in one way or another to questions of fact. The evidence, as usual in cases of this character, is contradictory, and not at all satisfactory. A specific analysis of it would be of no value. We are satisfied that it is sufficient to sustain the decree.

[2-4] Concerning the order made with respect to the custody of the child until the appeal could be passed upon, we have no doubt of our jurisdiction, for section 975 authorizes the court to determine who shall have the care and custody of infant children pending proceedings for divorce. Since the court had jurisdiction of the appellant and of the subject-matter, it was his duty to obey the order, irrespective of whether or not it was erroneous (Elliott v. Peirsol, 1 Pet. 328, 340, 7 L. Ed. 164; Brougham v. Oceanic Steam Navigation Co., 205 Fed. 857, 126 C. C. A. 321; Jenkins v. State, 59 Neb. 68, 80 N. W. 268; Vanvabry v. Staton, 88 Tenn. 334, 12 S. W. 786); but we may add that we have no misgivings touching its correctness. Appellant is therefore, on the face of the record, in contempt of this court. To refuse to hear him, through his counsel, in oral argument, while he was in that posture, was clearly within our power. Campbell v. Justices of the Superior Court, 187 Mass. 509, 73 N. E. 659, 69 L. R. A. 311, 2 Ann. Cas. 462.

At the bar it was stated that the appellant was then out of the jurisdiction of the court, and nothing has been brought to our attention since which indicates that he has returned to the District. No action, therefore, can be taken at this time with respect to his disobedience which would be effective; but counsel for the appellee is directed to take the necessary steps, as soon as he ascertains that the appellant has come within our jurisdiction, to bring him before the court, to the end that he may be punished for his contumacy, unless he can show good cause why he should not be.

The decree is affirmed at the cost of the appellant.

Affirmed.