**In the Matter of Tyrone BLAIR, Appellant.**

No. 83–572.

District of Columbia Court of Appeals.
Argued Aug. 2, 1984.
Decided June 26, 1986.

Susan L. Schneider, Public Defender Service, with whom James Klein, Public Defender Service, Washington, D.C., was on brief, for appellant.

Robert L. Bredhoff, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Colleen M. Kennedy, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and BELSON and ROGERS, Associate Judges.

PRYOR, Chief Judge:

■ In this appeal, appellant challenges his emergency, involuntary admission to St. Elizabeths Hospital. D.C.Code § 21–522 (1985 Supp.).[1] Appellant's sole contention is that the trial court committed error in refusing to invalidate the involuntary hospitalization on the ground that appellant sought to be admitted as a voluntary patient. Blair wishes to have his hospital record reflect that the involuntary admission was unlawful.

After reviewing the record in this case,[2] we hold that appellant's involuntary hospitalization was invalid. The case is remanded to the trial court for entry of an order to the hospital directing correction of appellant's record.

## I

Since January 1983, appellant had been receiving psychiatric counseling on an outpatient basis at one of the District's Community Health Centers. Appellant's counselor at the health center was Barbara Haley, a psychiatric nurse.

On April 7, 1983, appellant telephoned Nurse Haley and stated that he needed help. After a short conversation with appellant, Nurse Haley determined that he "wasn't himself" and arranged to meet with him at the health center later that day. During Blair's meeting with Nurse Haley, the nurse became apprehensive about appellant's behavior and concluded that he should be hospitalized for diagnosis and treatment. When apprised of the nurse's assessment, Blair stated that he could not enter the hospital that day because he had to attend to some personal matters. Appellant did promise to return to the health center the following day.

On April 8, 1983, Blair returned to the center as promised. Appellant smelled of alcohol and appeared drunk. At this time, Nurse Haley was convinced that appellant's condition had deteriorated to the point of requiring immediate hospitalization. Nurse Haley described the procedure for hospitalization to appellant, indicating that he could voluntarily sign himself in at the hospital or that the health center's psychiatrist could send him to the hospital involuntarily as an emergency patient. Appellant responded that he would go to the hospital as a voluntary patient if Nurse Haley accompanied him. Haley agreed, but first wanted the health center psychiatrist to evaluate Blair.

The psychiatrist examined appellant and concurred in the opinion that immediate hospitalization was necessary to prevent further deterioration. The psychiatrist also concluded, however, that once appellant became sober he would sign himself out of the hospital. Nurse Haley shared this concern that appellant would not remain at the hospital voluntarily because he was "having some problems with ... control." She observed that in talking with [appellant] ... he would change[;] ... one minute he would seem really concerned, the next minute in his struggle for control, he seemed to have forgotten what he said ... in a previous moment." The psychiatrist,

1. The record shows that Blair's status has since changed to that of a voluntary patient. However, the collateral consequences that accompany involuntary civil commitment preclude a finding of mootness. *In re Morris,* 482 A.2d 369, 371–72 (D.C.1984).

2. In a previous order, we remanded this case to have the trial court enter appropriate findings of fact on the issue of voluntariness.

therefore, completed an application for appellant's admission to the hospital on an emergency, involuntary basis pursuant to D.C.Code § 21-521. Neither the psychiatrist nor Nurse Haley informed appellant of the decision to have him admitted as an involuntary patient. That same day, appellant was taken to St. Elizabeths. A doctor at the hospital examined Blair and admitted him as an emergency, involuntary patient.

On April 11, 1983, the hospital filed a petition in the District of Columbia Superior Court for an order authorizing a seven-day detention of appellant at St. Elizabeths to allow for emergency observation and diagnosis. This petition was granted. Thereafter, appellant requested a probable cause hearing to determine whether he should be detained as an involuntary patient. D.C.Code § 21-525. At the hearing, appellant moved for dismissal of the proceeding because he had sought to be admitted as a voluntary patient.

During the evidentiary hearing on the motion, Nurse Haley and appellant testified as to the circumstances surrounding appellant's admission to the hospital. Crediting Nurse Haley's testimony, the trial judge found that appellant was unable to appreciate his need for hospitalization, and that appellant's state of intoxication vitiated his capacity to seek voluntary admission. The trial judge concluded that Blair's involuntary hospitalization was valid and denied the motion to dismiss the proceeding. The court also concluded that there was probable cause to order appellant's continued detention at the hospital.

On May 10, 1983, appellant's status at the hospital was changed from an emergency, involuntary patient to a voluntary patient. Subsequently, on May 23, 1983, appellant was released from the hospital.

## II

When Congress revised the procedures for the hospitalization of the mentally ill, it recognized that voluntary hospitalization was preferable to emergency, involuntary detention. *See* S.REP. No. 925, 88th Cong.,

2d Sess. 11, 12, 15 (1964); H.R.REP. No. 1833, 88th Cong., 2d Sess. 10 (1964). The Hospitalization of the Mentally Ill Act, D.C. Code § 21-501 *et seq.* (1985 Supp.), protects the status of voluntary patients by ensuring that their desire for voluntary treatment is honored.

Under the Act, qualifying individuals seeking voluntary public hospitalization for the treatment of a mental illness must be admitted on a voluntary basis. D.C.Code § 21-511. Once hospitalized on this basis, the voluntary patient has the right to be released from the hospital within 48 hours of his filing a written request to obtain discharge from the hospital. D.C.Code § 21-512.

In the case of *In re Curry*, 152 U.S.App. D.C. 220, 470 F.2d 368 (1972), the court entertained an appeal involving a mentally ill patient who was admitted to the hospital on an emergency, involuntary basis despite his request for voluntary hospitalization. The court ruled that once an individual seeks and is amenable to voluntary treatment, any subsequent steps taken to change that person's status from a voluntary patient to an involuntary patient are invalid. *Id.* at 223-24, 470 F.2d at 371-72.

In our view, the *Curry* decision is consistent with the spirit and purpose of the Mental Health Act. Congress recognized that the forced detention of those seeking voluntary hospitalization would defeat the Act's purpose of encouraging voluntary admissions. In this regard, they refused to enact legislation which would allow the status of a voluntary patient to be changed to an involuntary admission through the filing of a judicial petition. *See* S.REP. No. 925, *supra*, at 15.

■ Given *Curry*, the factual setting of this case compels us to set aside Blair's emergency, involuntary admission to St. Elizabeths. The record shows that appellant had a longstanding relationship with his psychiatric, outpatient counselor, Nurse Haley. Naturally, Blair went to see Haley in the familiar setting of the mental health

clinic to communicate his need for help. When Nurse Haley explained the avenue of treatment open to appellant—hospitalization—appellant informed Nurse Haley that he wanted to be admitted to St. Elizabeths as a voluntary patient.

While we can appreciate the concern that Blair may not have wanted to remain in the hospital once he became sober, the decision to have him admitted on an involuntary basis was premature. Should Blair have later refused treatment for his mental illness, the hospital would have the authority to hold him for 48 hours before granting his request for discharge. *See* D.C.Code § 21–512. If, upon his release into the community, appellant had displayed behavior that indicated he was dangerous to himself or to others, it would have been appropriate to promptly seek his involuntary, emergency hospitalization. *See* D.C.Code § 21–521.

█ Under the rationale explained in *Curry, supra,* the steps taken to have Blair hospitalized on an involuntary basis were improper, and the motion to dismiss the probable cause proceeding should have been granted. Accordingly, we hold that appellant's involuntary detention at St. Elizabeths pursuant to D.C.Code § 21–521 was null and void. We remand this case to the trial court for entry of an order directing the hospital to amend Blair's record to correspond with this decision.[3]

*Reversed.*

---

**3.** Appellant's failure to exhaust his administrative remedies under the Privacy Act is not a bar to the relief he seeks. This court is fully authorized to provide the equitable remedy that appellant is entitled to receive. *In re Morris, supra,* 482 A.2d at 373–74.