## WILLIAM H. KEAN.

*vs.*

## ADELE KEAN.

1. In a suit for divorce on the ground of adultery, the admissions of the respondent to third parties are not competent evidence to sustain the charge.
2. It is the manifest intention of the statute that in applications for divorce the statements or admissions of the parties as to what transpired between them in their marital relations should not be adduced in evidence by either party as proof of the facts charged in the bill or petition.

Special Term. In Equity. No. 1570. Decided May 18, 1869.

BILL for divorce.

Mr. S. R. BOND for complainant.

Mr. Justice OLIN delivered the opinion of the Court:

This is a petition for a divorce on the ground of adultery.

The proofs tending to show adultery on the part of the respondent consist mainly in the admissions of the respondent made to two police officers.

If these admissions could be regarded by this court as proof of the adultery charged in the bill, they would doubtless sustain that charge.

The Act of Congress, passed June 1, 1860, 12 Statutes, 59, authorizing divorces to be granted by this court, provides among other things in Sec. 2 that "No judgment for a divorce shall be rendered on default without proof; nor shall any admissions contained in the answer of the defendant be taken as proof of the facts charged, as the ground of the application, but the same shall in all cases be proved by other evidence."

It seems to be supposed by some of the profession that while the admissions contained in the answer were not to

be taken as proofs, yet that admissions made to third parties might be adduced in evidence as conclusive of the facts charged in the bill or petition. But this is manifestly an erroneous construction of the provisions of the Act of 1860.

It would be a singular construction of this statute to hold that the statement contained in the respondent's answer should not be received as proof of the facts charged in the bill (though the answer was put in under oath), and yet the declarations or admissions of the respondent, made out of court, in casual conversations and to third parties should be received as proof of the facts charged.

The manifest intention of the statute was to provide that in applications for divorce the statements or admissions of parties as to what transpired between them in their marital relations should not be adduced in evidence by either party as proof of the facts charged in the bill or petition of the complainant or in the answer of the respondent.

An order will therefore be made referring this case back to the examiner to take such further proofs as may be deemed necessary, the proofs already taken to stand as part of such proofs.