# MICHALOWICZ *v.* MICHALOWICZ.

DIVORCE; EVIDENCE; CONFESSIONS.

1. Section 964, D. C. Code, providing that in divorce cases no admission contained in the answer shall be taken as proof of facts charged as the ground of the application, but the same shall in all cases be proved by other evidence, declares what was the general rule of practice in such cases, and is not intended to prohibit all evidence of confessions that may have been made by a party.

2. To warrant a decree of divorce, confessions must be well established, direct and certain, free from suspicion of collusion, and corroborated by independent facts and circumstances.

3. The testimony in a divorce suit in which adultery was charged by a wife against her husband, who did not enter his appearance, consisting almost entirely of alleged confessions of the defendant, *held* insufficient to support the bill.

No. 1516. Submitted April 14, 1905. Decided May 2, 1905.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a bill for divorce.                                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Julius I. Peyser* for the appellant.

*Mr. Jos. D. Sullivan* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Appellant, Teodozia Michalowicz, a resident for three years past of the District, filed the bill in this case for a divorce from her husband on the ground of adultery. Defendant, Stanislaus Michalowicz, was alleged to be a resident of Chicago, and notice was given by publication. No appearance having been made by. him, an attorney was assigned to defend the cause, as required by the statute.

Upon the hearing the bill was dismissed, and plaintiff has appealed.

Without reviewing the evidence, which is of a character that ought not to be spread of record, it is enough to say that the court was right in holding it insufficient to sustain the allegations of the bill. It consisted almost entirely of alleged confessions of the defendant.

The Code provides that no decree of divorce shall be rendered on default, without proof; "nor shall any admission contained in the answer of the defendant be taken as proof of the facts charged as the ground of the application, but the same shall in all cases be proved by other evidence." Sec. 964. [31 Stat. at L. 1345, chap. 854.]

The Code declares what we apprehend was the general rule of practice in such cases, and was not intended to prohibit all evidence of confessions that may have been made by a party. *Baker* v. *Baker,* 13 Cal. 88.

But to warrant a decree of divorce the confessions must be well established, direct, and certain, free from suspicion of collusion, and corroborated by independent facts and circumstances. *Robbins* v. *Robbins,* 100 Mass. 150, 97 Am. Dec. 91; *Johns* v. *Johns,* 29 Ga. 718; *Kloman* v. *Kloman,* 62 N. J. Eq. 153, 49 Atl. 810.

The evidence in this case falls short of these requirements. It lacks directness and certainty, and that by which it is sought to be corroborated is, to say the least, vague and unsatisfactory.

We are of the opinion that the court was right in refusing the divorce; and the decree will be affirmed, with costs. It is so ordered. *Affirmed.*