## COGSWELL v. COGSWELL.

(Court of Appeals of District of Columbia. Submitted March 7, 1919. Decided May 5, 1919.)

No. 3205.

MARRIAGE ☞60(7)—ANNULMENT—IMPROPER RELATIONS BEFORE MARRIAGE.

Where husband and wife sustained improper relations before marriage, the wife's written confession, made in anger, that plaintiff husband was not the father of her child, does not warrant an annulment decree, in absence of independent corroborating facts, in view of Code of Law 1901, § 964, providing that marriage shall not be annulled without proof, and that admissions in defendant's answer shall not dispense with necessity of other evidence, etc.

Appeal from the Supreme Court of the District of Columbia.

Suit for annulment of marriage by James W. Cogswell against Ruby A. Cogswell. From a decree dismissing his petition, complainant appeals. Affirmed.

R. F. Downing and M. A. Easby-Smith, both of Washington, D. C., for appellant.

Bruce Baird, of Washington, D. C., for appellee.

ROBB, Associate Justice. This appeal is from a decree in the Supreme Court of the District, dismissing appellant's petition for the annulment of his marriage with appellee.

At the time of the marriage appellee was 16 and appellant 19 years of age. The parties had sustained improper relations prior to the marriage, and, according to appellant's testimony, "about 7½ months" after these relations commenced, and subsequent to the marriage, ap-

pellee gave birth to a child. Appellant then accused his wife of unchastity, which she denied. He remained in the house with her until she recovered, but had no marital relations with her. Thereafter his wife frequently importuned him to return to her, which he refused to do, and finally, on one occasion, "she admitted in a moment of anger that the child was not his." At his request she thereupon wrote in pencil that he was not the father of her child. Thereafter an attempt was made by the wife to compel her husband to support her, and a hearing was had in the juvenile court. The statement her husband had procured from her relative to the parentage of her child was produced by appellant's counsel, she admitted its genuineness, and the case then was nolle prossed. Shortly thereafter this petition was filed, and there followed another attempt by the wife to compel appellant to support her. The result was the same as at the first hearing, and for the same reason. The wife did not testify in the present case, but, at the request of the court, there was introduced the original application for the marriage license, wherein appellant had made oath that he was 22 and appellee 19 years of age.

Section 964 of the Code provides that no decree for a divorce or decree annulling a marriage shall be rendered on default without proof; "nor shall any admission contained in the answer of the defendant be taken as proof of the facts charged as the ground of the application, but the same shall, in all cases, be proved by other evidence." In Mishalowicz v. Mishalowicz, 25 App. D. C. 484, it was ruled that this provision of the Code is declarative of the general rule of practice in such cases and was not intended to prohibit all evidence of confessions that may have been made by a party. "But," said the court, "to warrant a decree of divorce the confessions must be well established, direct, and certain, free from suspicion of collusion, and corroborated by independent facts and circumstances."

The confession in this case is in two lines, and was originally obtained under circumstances not at all persuasive of its verity. The husband and wife were alone, and he admits it was given "in a moment of anger." The wife's subsequent conduct in seeking to compel her husband to support her and the child was inconsistent with this confession. Indeed, one of appellant's witnesses testified that at the second hearing in the juvenile court—

"Mrs. Cogswell said that plaintiff had deserted her and had failed to contribute anything to the support of her and their child since the birth of the child."

We fail to find that this confession is "corroborated by independent facts and circumstances." It amounted to nothing more than would the testimony of appellee, had she taken the stand, and such testimony the statute in effect declares to be insufficient.

The decree is affirmed, with costs.

Affirmed.