## MARSHALL et al. v. MARSHALL.

(Court of Appeals of District of Columbia. Submitted December 4, 1924. Decided January 5, 1925.)

No. 4109.

1. **Divorce ⚖︎125—Wife's confession not of itself sufficient to warrant granting of divorce for adultery.**

Wife's confession that she committed adultery, no matter how clearly proven, is not of itself sufficient to warrant granting of divorce a vinculo matrimonii, but is sufficient if corroborated by other facts of sufficient weight to be convincing of guilt.

2. **Divorce ⚖︎12—Granted only where authorized by statute.**

A divorce will not be granted, except on grounds specified in statute.

3. **Divorce ⚖︎124—Clear proof required.**

Adultery as ground for divorce must be established by clear proof; strong suspicion, or circumstances of suspicion, being insufficient.

4. **Divorce ⚖︎129(1)—Degree of proof required in adultery case stated.**

Wife's adultery must be established by clear and satisfactory proof, but need not be established beyond a reasonable doubt, as in criminal cases.

5. **Divorce ⚖︎129(16)—Evidence held to prove wife guilty of adultery.**

Evidence, including wife's confession and corroborative circumstances, held to prove wife guilty of adultery.

6. **Divorce ⚖︎49(1)—Husband did not condone adultery by wife by continuing to live in same house.**

Husband, who continued for 12 days to live in same house with wife, with knowledge of adultery committed by wife, did not condone offense, where they occupied different beds, and did not sustain to each other the relation of husband and wife.

7. **Divorce ⚖︎48—"Condonation" defined.**

"Condonation" means the pardon of an offense, and the voluntary overlooking or forgiving of an offense by treating the offender as if it had not been committed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condone—Condonation.]

8. **Divorce ⚖︎51—Offense condoned on implied condition that it will not be repeated.**

Condonation is on the implied condition that it will not be repeated.

9. **Divorce ⚖︎146—Court's cross-examination of wife in husband's divorce action held not ground for reversal.**

In husband's divorce action on ground of adultery, cross-examination by court of wife with reference to her acquaintance and relationship with corespondent and other witnesses, not directly touched on in her direct examination, held not ground for reversal.

10. **Evidence ⚖︎253(1)—Evidence as to wife's admissions in husband's action for divorce on ground of adultery held admissible against corespondent.**

In husband's action for divorce on ground of adultery, testimony as to wife's admissions, corroborated by other evidence, held admissible against corespondent.

Appeal from the Supreme Court of the District of Columbia.

Bill by William H. Marshall against Lela Belle Marshall and another. Decree for plaintiff, and defendants appeal. Affirmed.

J. A. O'Shea, of Washington, D. C., for appellants.

N. C. Turnage and J. C. W. Beall, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

BLAND, Acting Associate Justice. Appellee, William H. Marshall, filed in the Supreme Court of the District of Columbia a bill for divorce a vinculo matrimonii against Lela Belle Marshall, his wife, and Charles J. Johnson, corespondent, appellants, charging his wife and corespondent with adultery. The testimony covers a period of five or six years, and it is too voluminous to be repeated here, even if it were otherwise proper for the printed page.

At the close of plaintiff's testimony numerous motions were made by both defendants, which were overruled by the trial court, and to which due exceptions were taken and granted. The errors relied upon by appellants, based upon the court's ruling at the close of plaintiff's evidence, which we think worthy of any consideration, are set out in the assignments of error as follows:

"(14) In overruling the motion to dismiss the bill of complaint at the close of defendant's case, made on behalf of the defendant Lela Belle Marshall.

"(15) In overruling the motion to dismiss the bill of complaint at the close of defendant's case, made on behalf of the defendant Charles J. Johnson.

"(16) In overruling the defendant Johnson's motion to dismiss the bill on the further ground that no admission by Mrs. Marshall could bind him, and there is no evidence to support any action of adultery on the part of the defendant Johnson.

"(17) In refusing to dismiss the bill of complaint on behalf of defendant Lela Belle Marshall upon the ground that, if there had been any misconduct, it had been condoned by the plaintiff."

Having overruled the various motions of appellants, the court heard the evidence by appellants' witnesses, including the appellant Mrs. Lela Belle Marshall. At the close of appellants' evidence, appellants again made several motions, which were overruled by the court, the correctness of which rulings is challenged by assignments of error as follows:

"(21) In overruling the motion of the defendant Charles Johnson to dismiss the bill at the close of all the testimony.

"(22) In overruling the motion of the defendant Lela Belle Marshall to dismiss the bill at the close of all of the testimony."

The following assignments of error are also contended as important in the case:

"(20) In the cross-examination of the witness Lela Belle Marshall by the court."

"(24) In passing the decree appealed from."

Since it is not contended that any facts elicited from appellants' witness made plaintiff's case any stronger than it was at the time he rested, it will be sufficient on that phase of the case for us to consider assignments 21, 22, and 24, and to ignore assignments 14 and 15.

Appellee testified that Mrs. Marshall, on the 7th of November, 1920, while in a fit of anger, made a confession to him which will not be repeated here, and which, if true, clearly admitted the commission of the adultery charged against herself and Johnson. The alleged confession of Mrs. Marshall, related by the witness Marshall, was corroborated by the testimony of Sidney E. Harris, a disinterested witness. He stated that he heard it, and he repeated it in substantially the same form as given by appellee. The confession was denied by Mrs. Marshall.

[1-3] Notwithstanding the fact that there is respectable authority to the contrary, we think it is the law that the confession of a wife that she committed the crime of adultery, no matter how clearly proven, will not of itself be sufficient evidence to warrant the granting of a divorce a vinculo matrimonii. Monypeny v. Monypeny, 171 App. Div. 135, 157 N. Y. S. 11; United States v. Boese (D. C.) 46 F. 917; Michalowicz v. Michalowicz, 25 App. D. C. 484. This law is founded upon public policy, to prevent collusion and perjury, and a consequent easy abrogation of the marriage contract. In this and in most other jurisdictions in civilized communities, public policy is against the granting of divorce, and it is only where the legislative authorities have granted definite relief, with a view of preventing injustice and hardship, that the bonds of matrimony can be broken, and then only when clear proof is produced. We think a correct statement of the law as applicable to this case is to be found in Glennan v. Glennan, 3 App. D. C. 333, as follows:

"In order to sustain a charge which not only brings lasting shame and disgrace to

the wife, but also to her innocent children, the proof must be clear and satisfactory. Strong suspicion, or circumstances of suspicion, are not sufficient."

This case has been followed in this court for more than a quarter of a century, is settled law, and its soundness will not be challenged here. If the confession was out of this case, the testimony as to the relations between the defendant and corespondent might not be sufficient to sustain the allegation of adultery on the part of the wife. This question we do not decide, because there is a confession in the case. Satisfactory proof of a confession of adultery by a spouse will be sufficient to sustain the charge of adultery, if corroborated by other facts of sufficient weight to be convincing of guilt. Monypeny v. Monypeny, supra; Jones v. Jones, 17 N. J. Eq. 351; Michalowicz v. Michalowicz, 25 App. D. C. 484, and cases cited.

What is clear and satisfactory evidence of adultery has long been the subject of much thought and inquiry by men learned in legal jurisprudence. In granting relief from the marital contract, when satisfactory proof is made that either party has committed the crime of adultery, it certainly was not contemplated by the lawmakers that a spouse must continue to live and cohabit in the marital relation when he and all others conversant with the facts are overwhelmingly convinced of the guilt of the other party to the contract, merely because no witness could be produced whose eyes had seen the actual commission of the offense at an exact place and time. We must recognize that, owing to the nature of the offense, it is not easily proven. As we understand it, it is a relationship which is indulged in secrecy almost without exception. Is the judicial mind to be closed to all circumstances and facts, except those which prove beyond the peradventure of any doubt that the relationship existed? True enough, the life, hopes, and happiness of a wife or husband may be blasted forever by this terrible stain being placed upon them; particularly is it true with the wife. So it is with the commission of offenses which by the law are regarded as of graver importance; but this consideration does not justify the exclusion or rejection of such pertinent facts as are incompatible with innocence.

[4] For the courts in a divorce case to hold insufficient to support the charge of adultery, evidence which overwhelmingly brings the conviction of guilt to the fair, unbiased, and open mind, and which evidence is irreconcilable with innocence, and to set up an arbitrary standard of proof, which rejects such evidence as unsatisfactory, is attributing to the makers of the divorce law a purpose which cannot be found in the wording of their enactment. In a criminal case a defendant must be convicted beyond a reasonable doubt. This, of course, is not the rule applicable to the charge of adultery in a divorce proceeding; but even there the courts have said that beyond a reasonable doubt does not mean beyond the peradventure of chance or speculation, or an absolute certainty of guilt. Therefore, when we say that the proof must be clear and satisfactory, we do not mean that it shall be such as must remove all doubt that might be indulged in or speculated upon, or that character of proof which eliminates the possibility of innocence.

[5] The confession, in this case, of course, is incompatible with innocence. We think the confession, when taken in connection with the other evidence, overwhelmingly prompts the conviction of guilt, and that the trial court properly overruled the motions of the appellants. For five years Mrs. Marshall, privately and publicly, accepted the attentions of the defendant Johnson over the objection of her husband. Her immodest and unwifely conduct, tending to verify her confession, was shown in at least 20 instances in the record. Whether these facts would amount to proof of an adulterous disposition and adulterous opportunity, if not coupled with the confession, we are not called upon to decide. Adulterous disposition and adulterous opportunity are supplied by the confession, when satisfactorily corroborated.

[6] Appellants urge that appellee had condoned any offense committed by appellant Mrs. Marshall. There is proof in the record that from the 7th day of November (the date of confession) until the 19th day of November (the date of separation) the relationship of man and wife did not exist. It is admitted that they lived in the same house, but the weight of the testimony is to the effect that by reason of their estrangement they occupied different beds. Under the circumstances of this case it must be concluded that the marital relation of husband and wife did not maintain, and that he did not forgive her offense.

[7, 8] Condonation means the pardon of an offense; the voluntary overlooking or implied forgiveness of an offense, by treating the offender as if it had not been committed. It is made with an implied condition that

the offense will not be repeated. We cannot say that prior to the confession appellee had such knowledge of his wife's conduct as to justify a positive belief of her guilt. The confession, when connected with the facts he knew, would be likely to bring to his mind the firm belief of guilt. From that time on it cannot be said that the weight of the evidence shows that appellee's conduct condoned the offense. In the case of Phelps v. Phelps, 28 App. D. C. 577, the facts were very different, and the case is not in point.

[9] In assignment of error No. 20 it is urged that it was reversible error for the trial court to cross-examine the witness Mrs. Lela Belle Marshall in matters not brought out in direct examination. Mrs. Marshall had testified as a witness in her own behalf, denying most of the charges made by the witnesses of appellee, and denying that she had ever committed adultery with Charles Johnson. The record discloses that the court asked her a number of questions with reference to her acquaintance and relationship with Johnson and other witnesses, which instances were not directly touched upon in her direct examination. We have examined the record, and while there may be limitations to the right of the court to interrogate witnesses in divorce cases, in a manner and on matters not ordinarily permissible under the rules of evidence applicable to the parties in other classes of cases, we do not think the court, in this instance, exceeded his rights under the circumstances of this case.

Divorce suits have a different standing in law from most other kinds of litigation, and in the trial of the same in most jurisdictions the parties litigant have a different relationship to the court from that obtaining in other trials. Public policy being against the granting of divorces in a general way and in the interest of the public always being present at the trial, the court is looked upon, not merely as the arbiter of the differences between the parties, but as the representative of the welfare of the state. The court has the right to inform himself in whatever reasonable manner he deems proper. In order that he may not alone be informed as to the matters which the parties litigant wish to divulge, but that in order that he may render justice to the litigants, and also to the public, with whose welfare he is specially concerned, he has the right, and we regard it to be his duty, if he feels the need of the information, to cross-examine in the way best calculated to produce a full disclosure of all the facts from a party to the suit who has voluntarily taken the witness stand. In Bishop on Marriage, Divorce and Separation, vol. 2 (1891) §§ 489, 490, and 491, is found the following:

"A divorce suit is a civil proceeding, founded on a matrimonial wrong, wherein the married parties are plaintiff and defendant, and the government, or public, occupies without being mentioned in the pleadings the position of a third party, resulting in a triangular and otherwise sui generis action of tort."

"This third party, the public, is not generally in our courts, nor was it in the ecclesiastical ones, represented by counsel."

"The court exercises a constant watchfulness over the public interests in the cause. It will, for example, itself examine a witness, whenever such a course seems promotive of this end. Said Cooper, Ch.: 'In the earlier days of the republic, when there was a higher appreciation of the sanctity of the marital relation than now prevails, the judges took a part in the examination of the witnesses, not to aid the plaintiff in making out his case, but to prevent him from imposing on the court the semblance of truth for its reality. To this extent I reserve the right of intervening, but the parties seeking a divorce must make out the case according to the strict requirements of the law.'"

[10] It is also contended by appellant Johnson that he is not bound by the admissions of Mrs. Marshall, and that the court erred in refusing to dismiss the case against him, for the reason that the evidence other than the confession does not prove satisfactorily that he was guilty of the offense of adultery with appellant Mrs. Marshall. In Holden v. Matteson, 38 App. D. C. 128, there were two corespondents. One of them objected to the admission of a confession by the wife as to her relation with the other. The court held that it was proper to admit the evidence, not as against the objector, but as against the other. In the case at bar the court found that the appellant Marshall committed the offense of adultery with appellant Johnson. We can find no justification for his complaint against the admission by her of her conduct with him.

We have considered all the assignments of error, and find no reversible error in the record. The authorities referred to in appellants' brief and relied upon for reversal were discussed in the case of Allen v. Allen, 52 App. D. C. 228, 285 F. 962, which case is cited here with approval.

The decree appealed from is therefore affirmed, with costs.

Affirmed.