## THOMPSON v. THOMPSON.

### No. 9548.

United States Court of Appeals
District of Columbia.

Argued June 10, 1947.

Decided Sept. 29, 1947.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Harry Bonnett, of Washington, D. C., with whom Mr. Reuben Bonnett, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellee husband brought suit for divorce, alleging adultery by his wife with a named co-respondent. Appellant wife filed a cross complaint, alleging adultery with Jane Doe. The consequent trial consumed eight court days. On the last day of trial, appellant wife filed a motion naming a co-respondent and asking that this person be joined in the action as a co-defendant. The court denied that motion, dismissed the cross complaint, and rendered judgment granting absolute divorce and custody of the two minor children to the husband.

Appellant says that there was no credible evidence to show that she had been guilty of adultery. We have reviewed the record in this respect, and suffice it to say, without going into the details, that there was substantial evidence from which the court could conclude as it did.

Appellant also says that if she was guilty of adultery, her acts were condoned by the appellee. It appears that while the husband was overseas in military service, he received a letter from his wife's sister, charging his wife with improper conduct.

When he returned to the United States and informed his wife of these accusations, she vehemently denied them and he lived with her for four days. During that time he became convinced of the truth of his sister-in-law's statements and thereafter discontinued marital relations. It cannot be said, under these circumstances, that the appellee condoned the acts of his wife. Condonation is forgiveness after knowledge.[1]

Appellant contends that since the appellee was guilty of misconduct, he should have been denied relief. We held in Vanderhuff v. Vanderhuff[2] that recrimination is not an absolute bar to a divorce. We pointed out, however, that special circumstances might exist where this defense would be relevant in a determination as to which party was entitled to a divorce in a case where both sought a decree, and so evidence as to appellee's misconduct was relevant here. The court admitted it, and the record shows that it was carefully considered. The court had before it the complaint, the cross complaint, and all the evidence which either party cared to present. It reached the conclusion which eventuated in the judgment for the husband. There is nothing in the record to indicate that this conclusion was erroneous as a matter of law.

Appellant contends that a deposition which was taken pursuant to notice under the provisions of Rule 32(c) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, should have been rejected because it contained questions and answers to which objections might properly have been made and, if made, sustained. The rule is quite specific that errors occurring at the taking of a deposition which might be obviated, removed, or cured if promptly presented, are waived unless objection is made at the taking of the deposition. No such objection was made at the taking of this deposition, although notice was properly given. Appellant says that at that time she had no counsel. We cannot hold that the rules which govern legal proceedings are inapplicable to those who are without counsel.

Appellant asserts that it was error for the trial court to deny appellant's motion to join the named co-respondent as a co-defendant. The District Code requires that a co-respondent shall be made a defendant "and brought in by personal service of process or by publication as in other cases."[3] We held in McLarren v. McLarren[4] that the statute does not require a vain thing and that, therefore, if the name and whereabouts of the co-respondent are unknown, so that he cannot be located or identified, the statute does not tie the hands of the court. In such case, the allegation that the name and whereabouts of the co-respondent are unknown is sufficient to enable the court to proceed. In the case at bar, the cross complaint specified the dates and places when and where the alleged adultery of the appellee occurred, but said that the "exact identity" of the co-respondent was unknown. The court entertained the cross complaint upon that basis. At no time did the court deny the cross complaint for failure to comply with the statutory requirement but, on the contrary, dismissed it on the merits at the conclusion of the trial. All the evidence offered by appellant in support of the cross complaint was received. Her motion, made late in the trial, was merely to add the named person as a party. Its only purpose, under the circumstances, was to cure the cross complaint of a technical deficiency under the statute. When the court denied the motion but permitted the cross complaint to remain as valid, it did appellant no harm. In effect, the court merely concluded that the cross complaint was not deficient. If it had stricken the cross complaint as deficient under the statute, after denying appellant's motion, appellant might have had ground to assert prejudicial error. As it was, the error, even if there were one, in denying the motion in no way adversely affected appellant.

Affirmed.

[1] Marshall v. Marshall, 1925, 55 App. D.C. 173, 3 F.2d 344, 40 A.L.R. 624.
[2] 1944, 79 U.S.App.D.C. 153, 144 F.2d 509.

[3] D.C.Code, 1940, § 16—417.
[4] 1916, 45 App.D.C. 237, 1 A.L.R. 1412.