**Alfio BATELLI, Appellant,**

v.

**KAGAN AND GAINES CO., Inc.,**
**Appellee.**

**No. 14803.**

United States Court of Appeals
Ninth Circuit.

Aug. 8, 1956.

Sydney S. Finston, Julian I. Harmon, Hollywood, Cal., for appellant.

Schwartz & Alschuler, Beverly Hills, Cal., for appellee.

Before HEALY and FEE, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM.

The trial court entered a judgment for both general and special damages against Alfio Batelli, the appellant, in a breach of contract case. Batelli claims that the trial court erred in admitting in evidence, depositions taken in a prior case between the same parties.

Batelli is a violin maker and repairman who, prior to 1947, lived in Italy. Kagan and Gaines Co., Inc., the appellee, is a Chicago importer and dealer in musical instruments. Because of the scarcity of skilled violin makers and repairmen in the United States, appellee was able to get Batelli admitted on a temporary basis. From time to time, extensions of his stay were obtained, and finally Congress enacted a private bill which enabled Batelli to become an American citizen. During all this time, Batelli was employed by appellee, who bore all of the costs and attorney's fees incident to this effort.

When it appeared that Batelli would obtain permanent residence and American citizenship, appellee proposed that Batelli enter into a five-year contract of employment. Batelli, in apparent gratitude for his employer's efforts, readily agreed to this proposal. Shortly thereafter, a five-year contract, which contained a 90-day termination clause, was executed by both parties. A few days later, at the request of appellee, a new contract was executed. This contract was identical with the first one except that a 365-day termination clause was substituted for the 90-day clause.

In 1951, when the contract had four more years to run, Batelli terminated his employment without either notice or excuse. In fact, at the time Batelli left, he represented to appellee that he was taking a four-week vacation, two of

which were with pay, to enable him to go to Italy so that he could liquidate his assets there and bring his family to Chicago. Actually, Batelli had no intention of going to Europe because his family was already in Chicago, and he had no intention of returning to work for appellee.

Appellee brought an action for damages for this breach, based upon the contract containing the 90-day termination clause. In connection with this case, the depositions of Robert Kagan, president of appellee, and two other witnesses were taken on notice.

During the trial, counsel for Kagan and Gaines Co., Inc., discovered that the contract sued upon had been superseded by the contract with the longer termination period. The trial court thereupon entered a judgment in favor of Batelli on that ground.

Shortly thereafter, appellee filed this action on the substituted contract. Again the deposition of Robert Kagan was taken on notice. Batelli was not represented at the taking of this deposition, and no one had appeared for him when Kagan's deposition and the depositions of the other two witnesses had been taken in the first case.

During the trial of this action in the court below, Batelli offered in evidence the entire file of the prior case, which file included the depositions. Appellee joined in that offer, and the entire file was admitted.

Thereafter, the deposition of Robert Kagan, taken in the present case, in which he was asked the following questions and gave the following answers, was read:

"Q. Now, everything else that you indicated in your previous deposition concerning the expenses that you incurred and concerning your damages, do you hereby affirm said answers? A. Yes, sir, they are exactly so.

"Q. In other words, Mr. Kagan, if you were asked those questions as indicated in that deposition, would your answers still be the same? A. Yes, sir."

These depositions of Kagan's constituted the only evidence introduced on the issue of damages.

The depositions of the two other witnesses were also read. These two witnesses, both professional musicians, testified that appellant, while in the employ of appellee, approached them and offered to sell them violins on his own account and urged them not to disclose the offer to appellee. This testimony proved to be immaterial because Batelli elected not to deny the contract or its breach.

Appellant contends that the trial court erred in admitting in evidence: (1) the depositions taken in the prior action, and (2) the questions and answers in which the witness Kagan affirmed the statements made in his first deposition relative to damages.

Appellant claims that both these items of evidence are inadmissible under Rule 26(d)(4) of the Federal Rules of Civil Procedure, 28 U.S.C.A. He argues that this rule not only requires substantial identity of parties and issues, both well-established and historic conditions, but also requires that the prior action shall have been dismissed.

There is no merit in this contention or in this appeal.

Rule 26(d)(4) has not been construed to require a dismissal of the prior action. Mid-City Bank & Trust Co. v. Reading Co., D.C., 3 F.R.D. 320; Insul-Wool Insulation Corp. v. Home Insulation, Inc., 10 Cir., 176 F.2d 502. Such a restrictive construction ignores the purposes of the Federal Rules of Civil Procedure, particularly Rule 1, and the broad and liberal construction given to them by the courts. National Bondholders Corp. v. McClintic, 4 Cir., 99 F.2d 595.

This evidence was also admissible under Rule 43, which in substance provides that the statute or rule, federal or state, which favors the reception of evidence shall govern its admissibility. This rule specifically provides that " * *

All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. * * * "

Testimony or depositions of non-resident witnesses taken in a prior case between the same parties and involving substantially the same issues were traditionally admissible both in law and equity cases in the federal courts. Toledo Traction Co. v. Cameron, 6 Cir., 1905, 137 F. 48, 59; Rule 64, Equity Rules of 1912; Mid-City Bank & Trust Co. v. Reading Co., supra, page 321.

Such depositions are clearly admissible under California law.[1]

■ The testimony of Mr. Kagan was properly admitted regardless of the rules governing the admissibility of a deposition taken in a former action. When, in his second deposition, Kagan reaffirmed under oath certain answers in his first deposition, such answers became part of the testimony given in his second deposition. Had Batelli elected to be represented at this second deposition, he would have had full opportunity to cross-examine Kagan on every issue covered in the second deposition, including the testimony relating to damages covered in Kagan's first deposition. The former deposition was, therefore, not offered as a deposition taken in connection with the prior action, but only as part of a deposition taken in connection with the present action.

■ Batelli's objection, if any, related to the form of the questions propounded to Kagan which permitted him to incorporate in this deposition the answers relating to damages given in a prior deposition. However, it is one which under

Rule 32(c) (2), Federal Rules of Civil Procedure, is waived unless objected to at the taking of the deposition. The fact that appellant elected not to be represented at this deposition does not make the rule inapplicable. Thompson v. Thompson, 1947, 82 U.S.App.D.C. 325, 164 F.2d 705.

In the federal courts, the trial judges have great latitude on questions of admissibility of evidence. Here the evidence was both material and relevant. It was properly admitted.

Judgment affirmed.

---

1. "A deposition * * * may * * * be read in evidence by either party at any stage of the action or proceeding in which it was taken, or in any other action or proceeding between the same parties or their privies or successors in interest upon the same subject, and is then deemed the evidence of the party reading it; but the court may exclude the same if it appears that the taking thereof was in any material respect unfair." § 2022, California Code of Civil Procedure.