Elizabeth SCHROEDER, Appellant,

v.

John M. SCHROEDER, Appellee.

No. 1983.

Municipal Court of Appeals for the District of Columbia.

Argued May 13, 1957.

Decided July 1, 1957.

Joseph M. Bonuso, Washington, D. C., with whom Joseph G. Weeda, Washington, D. C., was on the brief, for appellant.

Theodore Kligman, Washington, D. C., entered an appearance for appellee, but filed no brief.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal presents the question whether there is any rule of law, statutory or otherwise, in this jurisdiction which prohibits the granting of a divorce on the uncorroborated testimony of the complainant in an uncontested action. The question has never been squarely decided, although there are a number of cases which imply that such a rule exists. Those cases make reference to our statute now embodied in Code 1951, § 16–419, which provides:

"No decree for a divorce, or decree annulling a marriage, shall be rendered on default, without proof; nor shall any admission contained in the answer of the defendant be taken as proof of the facts charged ás the ground of the application, but the same shall in all cases, be proved by other evidence." [1]

The earliest case touching on the subject is Lenoir v. Lenoir, 1904, 24 App.D.C. 160, 165, a suit for annulment of marriage on the ground of fraud. There the court, referring to the Code section, said:

"Now, it is very clear from this that no decree for a divorce or the annulment of a marriage can be given upon the mere unsupported *petition* of either husband or wife, even though the petition should be sworn to; and it is not apparent to us that the conditions are altered by the substitution of a deposition for the petition. The plain purpose of the law is to prohibit divorce or annulment of marriage upon the mere *statement* of one of the parties

1. This Code section is the same as Section 964 of our original Code of 1901, and is substantially a re-enactment of a provision in the Act of June 19, 1860, entitled "An Act to Authorize Divorces in the District of Columbia." See 12 Stat. 59, Chap. 158, § 2. See also Rev. Statutes of the United States Relating to the District of Columbia, § 737 (1873–74).

without corroborative evidence." (Emphasis added.)

The above case is of little aid in deciding our question because its holding was premised at least in part on the rule announced in Bergheimer v. Bergheimer, 1901, 17 App.D.C. 381, following Burdette v. Burdette, 1883, 2 Mackey 469 that parties to a suit for divorce were not competent to testify as witnesses on their own behalf. That rule appears to have been that parties to a divorce suit were incompetent to testify both at common law and by reason of the statutory predecessor of our present Code section.[2] But whatever may have been its basis, the rule "ceased to be law long ago."[3] If a complainant in a divorce action was not competent to testify, then naturally the allegations of the complaint had to be proved by other evidence.

The next case bearing on the question under consideration is Michalowicz v. Michalowicz, 1905, 25 App.D.C. 484, 486 a suit for divorce on the ground of adultery.[4] The evidence consisted almost entirely of alleged confessions of the defendant and it was held that although such evidence was admissible, in order "to warrant a decree of divorce the confessions must be well established, direct, and certain, free from suspicion of collusion, and corroborated by independent facts and circumstances." This case throws little light on our problem as it deals with corroboration of a defendant's admission or confession and not with corroboration of a complainant's testimony.[5]

In Early v. Early, 1919, 49 App.D.C. 123, 261 F. 1003, 1004 in holding that our Code section did not make parties to a divorce suit incompetent witnesses, the court said:

"The section deals only with the weight of the evidence, and means, as construed by this court, that the testimony of one of the parties would not support a decree in his or her favor, unless supported by 'other evidence.' Lenoir v. Lenoir, 24 App.D.C. 160. There is other evidence in this case."

The Early case lends some support to the proposition that the uncorroborated testimony of a complainant is not sufficient to warrant a judgment of divorce; but it is obvious that its remarks on this subject were dicta and the Lenoir case was the only authority cited as supporting it.

In Richardson v. Richardson, 1940, 72 App.D.C. 67, 69–70, 112 F.2d 19, 21–22, an action for divorce on the ground of desertion, the question of the necessity of corroboration of plaintiff's testimony was squarely raised but not squarely decided. There the court said:

"Authorities are cited for the proposition that corroboration of the plaintiff's testimony is essential to sustain a charge of desertion in an action for divorce brought on that ground. Assuming, without deciding, that is the rule, it must be remembered that the reason usually given therefor is to prevent judgment of divorce in collusive actions. Where, as here, the action is contested and no collusion appears, the corroboration, if required, need not be great."

In a footnote to the above, the court pointed out that in most States where corroboration

2. See Kean v. Kean, 1869, 7 D.C. 4; Dowling v. Dowling, 1873, 1 W.L.R. 125.

3. Buford v. Buford, 81 U.S.App.D.C. 169, 170, 156 F.2d 567, 568. See also Early v. Early, 49 App.D.C. 123, 261 F. 1003.

4. Adultery was the only ground for absolute divorce in this jurisdiction until the Act of August 7, 1935, 49 Stat. 539, which liberalized and enlarged the divorce laws for the District. See Tipping v. Tipping, 65 App.D.C. 222, 82 F.2d 828; Richardson v. Richardson, 72 App.D.C. 67, 112 F.2d 19.

5. See Cogswell v. Cogswell, 49 App.D.C. 31, 258 F. 287; Marshall v. Marshall, 55 App.D.C. 173, 3 F.2d 344, 40 A.L.R. 624. Wigmore on Evidence (3rd ed.) § 2046, points out that the rule requiring corroboration of confession of defendant is separate and distinct from the rule requiring corroboration of plaintiff's testimony.

is required the rule is a creature of statute, and added that our Code section "is clearly not a 'corroboration' statute."

In Buford v. Buford, 81 U.S.App.D.C. 169, 170, 156 F.2d 567, 568, a suit for divorce on the ground of five years voluntary separation, the court said:

"Though testimony is necessary and admissions in pleadings are not enough, the testimony of a party need not be corroborated when it is undisputed, the suit is contested, and no collusion appears."

As stated earlier in this opinion, we think none of the foregoing cases answers our question, but we feel the last two cases establish two basic propositions from which we may proceed in our consideration. First, the Richardson case holds that our Code section is not a "corroboration statute," i. e., we have no statutory rule forbidding granting of a divorce on the uncorroborated testimony of a complainant. Second, the effect of the Buford case is that there is no court-made rule in this jurisdiction providing that a divorce cannot be granted under any circumstances on the uncorroborated testimony of a complainant.

Our question then is, in the absence of a statutory requirement or previously announced court-made rule, should this court rule that in an uncontested divorce action no divorce can be granted on the uncorroborated testimony of the plaintiff. Immediately the question arises why should the court impose such a rule when Congress in authorizing the granting of divorces imposed no such rule. Such rule might be justified if there were some long-established common-law rule to that effect; in which case it could be said that Congress enacted our divorce law with that rule in mind. However, as pointed out in Wigmore on Evidence (3rd ed.) § 2046, the rule requiring corroboration of plaintiff's testimony in divorce cases was a rule of the ecclesiasti-

cal courts and disappeared in the common-law courts. Professor Wigmore concludes:

"Accordingly, it seems clear that, so far as the testimony for the *complainant* in divorce is concerned, no common-law principle requires that a second witness or corroborating circumstances be brought, either to support *ordinary* testimony or to support the *complainant's* own testimony."

In the annotation on the necessity and sufficiency of corroboration of plaintiff's testimony concerning ground for divorce, 15 A.L.R.2d 170, 175, the annotator comes to the same conclusion, stating the rule at common law as follows:

"In the great majority of the jurisdictions it is held that in the absence of a statute to the contrary there is no hard and fast rule requiring that there be corroboration of plaintiff's testimony concerning the ground for divorce although, of course, corroboration is always desirable."

Of course a court should be ever alert to prevent collusive or fraudulent divorce, but we see no valid reason why a trial judge who after hearing the testimony of a plaintiff is convinced of the truthfulness of such testimony is powerless to grant relief because of lack of corroboration. The uncorroborated testimony of a plaintiff in one case may be far more convincing than the corroborated testimony of a plaintiff in another case.

An examination of the authorities in jurisdictions requiring corroboration discloses much confusion and some conflict on the degree of corroboration required. See annotations in 65 A.L.R. 169 and 15 A.L.R.2d 170. Even in states such as Maryland where the statute expressly forbids a decree for divorce on the testimony of the plaintiff alone, it is held that only "slight" corroboration is required "where the possibility of collusion is precluded," [6]

6. Lent v. Lent, 202 Md. 240, 96 A.2d 14, 16.

or "in genuinely contested cases."[7] But even with such relaxation of the rule "the problem of corroboration" remains even in cases where by the nature of the ground corroboration is almost impossible.[8] And it is generally agreed that it is impossible to state a definite rule as to the degree of corroboration required.[9]

We conclude that in this jurisdiction there is no legal obstacle to the granting of a divorce in either a contested or un-contested action on the uncorroborated testimony of the plaintiff. Corroboration is of course desirable in all cases, and where corroboration obviously is available, failure to produce it may seriously impair plaintiff's credibility. Again, a plaintiff's testimony may be of such nature that the trial court may find it unconvincing unless corroborated. And if from the evidence any suspicion of collusion appears the trial court may and should require more testimony than that of the plaintiff alone.

In hearing and deciding cases of this kind the trial court should not "set up an arbitrary standard of proof,"[10] but should bear in mind that: "It is the purpose of the law of the District to require caution in the granting of uncontested divorces and to prevent the granting of default decrees, without proof." Stone v. Stone, 78 U.S. App.D.C. 5, 7, 136 F.2d 761, 763.

In the present case the trial court, in dismissing the action, ruled as a matter of law that a divorce could not be granted on plaintiff's testimony without corroborating evidence. For reasons stated above, we hold this was error. Whether the trial court, except for this error of law, would have found plaintiff's testimony credible, and it was corroborated to some extent, we cannot say. Accordingly there must be a new trial.

Reversed with instructions to grant a new trial.

7. Rosenthal v. Rosenthal, 202 Md. 375, 96 A.2d 500, 502.

8. Hodges v. Hodges, Md., 131 A.2d 703.

9. 27 C.J.S. Divorce § 136(2) (b).

10. Marshall v. Marshall, 55 App.D.C. 173, 175, 3 F.2d 344, 346, 40 A.L.R. 624.