WEATHERALL CORPORATION, Appellant,

v.

William W. RICKS and Bobbie D. Ricks,
Appellees.

No. 3553.

District of Columbia Court of Appeals.

Argued Oct. 19, 1964.

Decided Dec. 2, 1964.

Albert N. Lobl, Washington, D. C., for appellant.

Rex K. Nelson, Washington, D. C., with whom Lowell H. Ewing, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant brought this suit against appellees for breach of a home improvement contract. It claimed that appellees had canceled the agreement in violation of the contract provision which provided:

"Owner agrees that in event of cancellation of this contract by owner before work is started, shall constitute breach by owner and owner shall pay to contractor on demand twenty-five (25%) per cent of the contract price as its stipulated damages for the breach. This shall not be construed as a penalty but as liquidated damages."

At the close of appellant's case the trial judge found that appellant had in fact started work on the contract so as to render the provision for liquidated damages unenforceable. Appellant then moved to amend the pleadings to claim in the alternative a loss of anticipated profits. The motion was denied on the ground that ap-

pellant was asserting a new theory of recovery not supported by the evidence.

 On appeal it is contended that the trial court erred in entering a finding for appellees at the close of appellant's case and in refusing leave to amend the pleadings. Neither contention is valid. The evidence amply supports the finding that appellant had started work on the contract and that the proper measure of recovery was compensatory rather than liquidated damages. While Civil Rule 15(b) of the trial court permits amendments to conform to the evidence when issues not raised by the pleadings are tried by the express or implied consent of the parties, it has been recognized that "an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record —introduced as relevant to some other issue—which would support the amendment."[1] Here the sole issue was liquidated damages. Although some evidence was introduced as to appellant's anticipated profit, it was received on the issue of liquidated damages and the reasonableness thereof. It was not presented expressly or impliedly to support a claim for compensatory damages. Accordingly, we find no abuse of discretion in denying the motion to amend the pleadings.

Affirmed.

[1]. 3 Moore's Federal Practice 847 (2d ed. 1963); see, e. g., Fowler v. Sponge Products Corporation, 246 F.2d 223, 227 (1st Cir. 1957); Chesapeake & Ohio Railway Company v. Newman, 243 F.2d 804, 812–813 (6th Cir. 1957); Otness v. United States, 23 F.R.D. 279, 280 (D.C. Alaska 1959); Hart v. Knox County, 79 F.Supp. 654, 658–659 (E.D.Tenn. 1948).