**Hersel H. HAGANS, Appellant,**

v.

**Anniebelle HAGANS, Appellee.**

**No. 3796.**

District of Columbia Court of Appeals.

Argued Dec. 13, 1965.

Decided Jan. 10, 1966.

---

14.  Accord, People v. Bradovich, 305 Mich. 329, 9 N.W.2d 560 (1943).

Benjamin F. Amos, Washington, D. C., for appellant.

Michael Ritz, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant-husband sued appellee-wife for absolute divorce on the ground of desertion. D.C.Code, 1961, Supp. IV, 1965, § 16–904 (a)(2). She counterclaimed for a divorce on the same ground, for alimony and for counsel fees. Both requested division of jointly-held property. After trial the court held that neither side had carried the burden of proving desertion by the other but that, under the general prayer for relief and to conform to the evidence, appellant was entitled to a divorce on the ground of the

wife's adultery. D.C.Code, 1961, Supp. IV, 1965, § 16–904(a)(1). The order also specified that the wife was entitled to a half interest in the marital abode and directed the husband to pay alimony and counsel fees. From this final order the husband appealed.

Neither party challenges that portion of the decree granting the husband a divorce. He, however, characterizes as "unreasonable, arbitrary and excessive" the award of $50 a month alimony to the wife, the equal division of the realty, and the award of $600 to the wife's counsel for his services.

We are compelled first to consider whether the trial court erred in amending the pleadings, *sua sponte*, on the ground that the "proof adduced" at trial established that the husband was entitled to a divorce for the wife's adultery.

■■■ While GS Rule 15(b) of the trial court permits liberal amendment to conform to the evidence when issues not raised by the pleadings are tried by the express or implied consent of the parties, an amendment is not permissible at the conclusion of a trial which changes the theory on which the case was filed and actually tried, even though there is evidence in the record, introduced as relevant to some other issue, which would support the amendment. Weatherall Corporation v. Ricks, D.C.App., 205 A.2d 311 (1964). Concededly the court has a degree of discretion in this area, but that discretion is not without limitation and it may not grant amendments which set forth a new cause of action. Alpert v. Wolf, D.C.Mun.App., 73 A.2d 525 (1950); D.C.Code, 1961, § 13–301. While leave to amend should be freely given to meet the ends of justice, it is not the purpose of the rule to allow amendment under any and all circumstances, and the same standard is applicable where the court, on its own, without motion of either party, amends the pleadings. In determining whether an amendment after trial is proper, the test is whether the cause of action remains the same in substance. Lustine v.

Williams, D.C.Mun.App., 68 A.2d 900 (1949).

■ In our opinion the amendment by the trial judge *sua sponte* does not meet this test and amounted to the introduction after trial of a new cause of action—one different from that which the parties had elected as a basis for the dissolution of their marriage. The case was tried on, and the proof directed to, not the charge and defense [1] of adultery but of desertion. Even in final argument counsel for appellant made reference to the purported misconduct of the wife only in mitigation of the award of alimony. Otherwise, argument was chiefly concerned with development of facts to substantiate desertion.

■ Furthermore, even if we were to hold that the amendment was proper, we must find that the evidence did not sustain the finding of adultery. Manifestly evidence competent to support desertion differs materially and substantively from that required to support adultery. Only as a result of an incidental remark by a witness for appellant was the court initially apprised that two months after the parties separated the wife gave birth to a child fathered by one other than her husband. Except for the wife's admission, other testimony on this point was only hearsay. It is a cardinal rule that adultery must be proved by clear and convincing evidence. Confessions thereof must be well established, direct, certain, free from suspicion of collusion, and corroborated by independent facts and circumstances.[2] Here the wife's admission was not corroborated by independent evidence—certainly the hearsay testimony of witnesses for appellant was not corroboration.

Although the record amply supports the trial judge's finding that neither party carried the burden of proving desertion by the other, and despite the seeming willingness of both parties to accept the trial judge's substitution of a new theory when their original ground was held not to have been substantiated, we must hold that, for the reasons heretofore stated, the judgment for an absolute divorce for appellant on the ground of appellee's adultery must be vacated and set aside, without prejudice to the right of appellant to file a new action seeking a divorce on that ground.

In view of our conclusion that the trial judge's denial of divorce to either party on the ground of desertion was proper but that the granting of divorce to appellant on the basis of appellee's alleged adultery must be reversed, we are also of the opinion that the incidental issues of alimony and division of the real property must fall and therefore have not been considered upon this appeal.

■ In the light of the services rendered by Michael Ritz, Jr., as appellee's attorney, disclosed by the record, and the financial resources of appellant, who initiated this litigation against appellee, we are constrained to hold that the award of $600 to appellee's attorney is excessive. We rule that a more commensurate fee would be $400, and hereby direct that the amount originally allowed by the trial judge be reduced accordingly.

The final order entered by the trial judge is hereby reversed except as to the allowance of a counsel fee to appellee's attorney in the approved amount of $400, which is affirmed.

It is so ordered.

---

1. The record reveals the husband may have condoned the wife's indiscretion. Presumably, if the charge of adultery had been leveled against her initially, she would have pursued this defense.

2. Marshall v. Marshall, 55 App.D.C. 173, 3 F.2d 344, 40 A.L.R. 624 (1925); Topham v. Topham, 50 App.D.C. 229, 269 F. 1013 (1921); Cogswell v. Cogswell, 49 App.D.C. 31, 258 F. 287 (1919); Michalowicz v. Michalowicz, 25 App.D.C. 484 (1905).