**Mary J. FISHER, Appellant,**

**v.**

**James Earl FISHER, Appellee.**

**No. 4728.**

District of Columbia Court of Appeals.

Argued Sept. 9, 1969.

Decided Dec. 3, 1969.

---

Alfred S. Fried, Riverdale, Md., for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

KELLY, Associate Judge.

This appeal is from a judgment granting an absolute divorce to appellee on the ground of voluntary separation, making a division of jointly held real property, and awarding appellant alimony and attorney's fees. The principal claim of error is the grant of appellee's motion to amend the pleadings to conform to the evidence.

The complaint as originally filed sought a divorce on the ground of desertion. At trial, however, at the close of appellee's case in chief, it was apparent that his evidence failed to make out a prima facie case of desertion.[1] Appellant moved for a finding in her favor but appellee requested and was granted leave, over objection, to amend the pleadings to conform to the proof, there being testimony of record from which the court could find a voluntary separation. The divorce was subsequently granted on this latter ground.

In Hagans v. Hagans, D.C.App., 215 A.2d 842 (1966), we held that while the grant or denial of a motion to amend the pleadings is addressed to the sound discretion of the court, it may not allow amendments which set forth a new cause of action. The amendment in *Hagans* was made by the court after trial, sua sponte, in awarding a divorce on the ground of adultery when the complaint had alleged desertion and the case tried on that theory. Holding this to be error, this court said[2] that "[i]n determining whether an amendment * * * is proper, the test is whether the cause of action remains the same in substance."

We think an amendment permissible in this case. There is little difference in a cause of action for a divorce based on desertion and one based on a voluntary separation; in each instance the basic issue is the voluntariness of the separation. Moreover, an initial separation which is not mutually voluntary may ripen into a voluntary separation by action of the parties. Smith v. Smith, D.C.App., 256 A.2d 833 (1969). This being so, it is our judgment that the causes of action are sufficiently similar in substance to allow the court, in its discretion, to permit an amendment of the pleadings to conform to the evidence.

Appellant also argues that even assuming the validity of the amendment, appellee failed to prove a voluntary separation. However, this factual issue was determined adversely to appellant by the trial judge, and his decision has ample support in the record. Henderson v. Henderson, D.C.App., 206 A.2d 267 (1965).[3]

Affirmed.

---

1. Appellee was actually trying to prove a constructive desertion since he was the one who left the marital abode.

2. 215 A.2d at 843.

3. Other errors alleged are without merit.